Curia, per

Wardlaw, J.
After an assignment under our prison bounds Act of 1788, the assignee has not an absolute estate in the property assigned, but, subject to prior incumbrances, has all the powers necessary for obtaining satisfaction of his debt, with accountability to the assignor for any surplus. (1 McM. 376.) He is authorized, but not required, to sue in his own name. So suing, he will be considered as entitled to the legal estate. But still, at his election, he may use the name of the assignor, as he might have done under a voluntary assignment before the Act. In that case, he will be considered as entitled to the beneficial interest under the assignor, his trustee, (1 T. R. 621,) or he will be considered as attorney with an interest. In either view, his rights will be protected by the court.
Ware vs. Key, 2 McC. 373, shews that the bearer of a note, negotiable by delivery, may thus sue, either in his own name or that of the payee. So may the assignee of a judgment, bond, or note not negotiable, under our Act of 1798.
In all these cases, where an assignee uses the name of his assignor, the case of Morris vs. Peay, 1 Hill, 35, and the cases upon which it was decided, shew that a release by the assignor, or payment to him, after notice to the debtor of the.assignment, will not be allowed to defeat the action.
No harm is done to the debtor. The judgment in a suit brought in the name of the assignor, would be a protection against any subsequent suit in the name of the *397 assignee, upon-its being properly pleaded and proved that the first suit was for the use of the assignee, or by his authority. The motion is dismissed.
The whole court concurred.